## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOIS WONLAH, Individually and as Administrator of the Estate of DAVID POWELL,** | : : : : : | Civil Action<br><br>**NO.:** |
| **Plaintiff,** | : : | |
| **v.** | : : | Formally:<br>**PHILADELPHIA COUNTY** |
| **DOMUS, INC.** | : : | **COURT OF COMMON PLEAS**<br>**CIVIL TRIAL DIVISION** |
| **and** | : : | **JULY TERM 2024** |
| **AMERICAN SITEWORK, LLC** | : : | **No. 02194** |
| **and** | : : | **JURY TRIAL DEMANDED** |
| **USA ENVIRONMENT MANAGEMENT, INC** | : : : | |
| **and** | : : | |
| **CITY OF PHILADELPHIA DEPT OF LICENSE & INSPECTION** | : : : | |
| **and** | : : | |
| **CITY OF PHILADELPHIA,** | : : | |
| **Defendants** | : : | |

## <u>NOTICE OF REMOVAL</u>

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

  Pursuant to 28 U.S.C. §1441, Defendants the City of Philadelphia, (hereinafter "Petitioner") through their counsel, Desjenee Davis, Deputy City Solicitor, respectfully petitions for the removal of this action to the United States District Court for the Easter District of Pennsylvania. In support thereof, Defendants states the following:

1. On July 22, 2024, Plaintiff, Lois Wonlah ("Plaintiff") initiated this action by filing a Complaint in the Philadelphia Court of Common Pleas, with an associated civil action number 240702194, which was subsequently served on Petitioners (Exhibit A).

2. On August 8, 2024, the Complaint in this action which was served on Petitioner. (Exhibit B).

3. Plaintiff alleges that on or about December 15, 2023, they sustained damages when their civil rights were violated by the Petitioner. (Exhibit A).

4. Count III and IV of the Complaint, Plaintiff seeks relief against the Petitioner pursuant to their rights under the Fourteenth Amendment of the United States Constitution. (*Id.*).

5. Count V of the Complaint, Plaintiff seeks relief Petitioner pursuant to 42 U.S.C. Section 1983. (*Id.*)

6. 28 U.S.C. § 1331 states that "[the] district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. The United States District Court for the Eastern District of Pennsylvania has original jurisdiction over the claims alleged by Plaintiff, pursuant to 28 U.S.C. § 1331.

8. This action may be removed to this Court pursuant to 28 U.S.C. §1441(a) since Plaintiff's Complaint contains allegation of violations of the Plaintiff's Federal Civil Rights. (*Id.*).

9. Defendant, Domus, Inc., by and through their counsel, R. Joseph Hrubiec and Andrew Connolly, consent to removal.

10. Defendant, American Sitework, LLC, by and through their counsel, Robert D. MacMohan and Julia Nolan, consent to the removal.

11. Defendant, USA Environmental Management, Inc., by and through their counsel, Yvette N. Bradley, consent to the removal.

12. True and correct copies of this Notice of Removal with accompanying exhibits and separate Notice to State Court of Filing of Notice of Removal, a copy of which is attached hereto as Exhibit "C," will be served upon the Plaintiff and filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d).

13. In filing this Notice of Removal, Petitioner does not waive any available defenses in this action.

**Wherefore,** Petitioner, the City of Philadelphia, respectfully requests that the captioned action be removed to the United States District Court of the Eastern District of Pennsylvania.

Respectfully submitted,

/s/ *Desjenee Davis*

Desjenee Davis
Deputy City Solicitor
Attorney I.D. No. 330200
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5226
Date: September 6, 2024          Desjenee.Davis@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LOIS WONLAH, Individually and as Administrator of the Estate of DAVID POWELL,** | : | **Civil Action** |
| | : | |
| | : | **NO.:** |
| | : | |
| **Plaintiff,** | : | |
| | : | Formally: |
| **v.** | : | **PHILADELPHIA COUNTY** |
| | : | **COURT OF COMMON PLEAS** |
| **DOMUS, INC.** | : | **CIVIL TRIAL DIVISION** |
| | : | |
| **and** | : | **JULY TERM 2024** |
| | : | No. 240702194 |
| **AMERICAN SITEWORK, LLC** | : | |
| | : | |
| **and** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **USA ENVIRONMENT MANAGEMENT, INC** | : | |
| | : | |
| | : | |
| **and** | : | |
| | : | |
| **CITY OF PHILADELPHIA DEPT OF LICENSE & INSPECTION** | : | |
| | : | |
| | : | |
| **and** | : | |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| | : | |
| **Defendants** | : | |

## NOTICE OF FILING OF REMOVAL

TO:   Leslie A. Margolies, Esq.
        The Real Estate Law Group
        116 Greenwood Avenue
        Wyncote, PA 19095
        LeslieTheLawyer@gmail.com

PLEASE TAKE NOTICE THAT on September 6, 2024, Defendant ,the City of Philadelphia, filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

Respectfully submitted,

/s/ *Desjenee Davis*

Desjenee Davis
Deputy City Solicitor
Attorney I.D. No. 330200
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5226
Desjenee.Davis@phila.gov

Date: September 6, 2024

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LOIS WONLAH, Individually and as Administrator of the Estate of DAVID POWELL,** | : Civil Action<br>:<br>: **NO.:**<br>: |
| **Plaintiff,** | :<br>: |
| **v.** | : Formally:<br>: **PHILADELPHIA COUNTY**<br>: **COURT OF COMMON PLEAS** |
| **DOMUS, INC.** | : **CIVIL TRIAL DIVISION**<br>: |
| **and** | : **JULY TERM 2024**<br>: **No. 02194** |
| **AMERICAN SITEWORK, LLC** | :<br>: |
| **and** | : **JURY TRIAL DEMANDED**<br>: |
| **USA ENVIRONMENT MANAGEMENT, INC** | :<br>:<br>: |
| **and** | :<br>: |
| **CITY OF PHILADELPHIA DEPT OF LICENSE & INSPECTION** | :<br>:<br>: |
| **and** | :<br>: |
| **CITY OF PHILADELPHIA,** | :<br>:<br>: |
| **Defendants** | :<br>: |

## CERTIFICATE OF SERVICE

I, Desjenee Davis, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon Plaintiff's counsel and counsel for Co-Defendants Domus, Inc., American Sitework, LLC, and USA Environmental Management Inc. by electronic mail, on the date indicated below:

TO:  ***Counsel for Plaintiff:***
Leslie A. Margolies, Esq.
The Real Estate Law Group
116 Greenwood Avenue
Wyncote, PA 19095
LeslieTheLawyer@gmail.com

***Counsel for Defendant Domus, Inc.:***
R. Joseph Hrubiec
Post & Schell, P.C
300 Delaware Avnue, Suite 1380
Wilmington, DE 19801
RHrubiec@postchell.com

Andrew Connolly
Post & Schell, P.C
300 Delaware Avenue, Suite 1380
Wilmington, DE 19801
AConnoly@postchell.com

***Counsel for Defendant USA Environmental Management, Inc. :***
Yvette N. Bradley
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1617 John F. Kennedy Blvd, Suite 1500
Philadelphia, PA 19103
ybradley@mdmc-law.com

***Counsel for Defendant American Sitework, LLC:***
Robert D. MacMohan
BBC Law, LLP
40 Lloyd Avenue, Suite 300
Malvern, PA 19355
Macmahon@bbclawfirm.com

Julia Nolan
BBC Law, LLP
40 Lloyd Avenue, Suite 300
Malvern, PA 19355
Jnolan@bbclawfirm.com

Respectfully submitted,

/s/ *Desjenee Davis*

Desjenee Davis
Deputy City Solicitor
Attorney I.D. No. 330200
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5226
Desjenee.Davis@phila.gov

Date: September 6, 2024

# EXHIBIT A

Leslie A. Margolies, Esq.
The Real Estate Law Group
Attorney ID# 49213
116 Greenwood Avenue
Wyncote, PA  19095
215-904-3006 tel
LeslieTheLawyer@gmail.com



*Filed and Attested by the Office of Judicial Records 22 JUL 2024 01:41 pm S. RICE*

JURY TRIAL DEMANDED

---

| | | |
|---|---|---|
| Lois Wonlah, Individually and as | : | Philadelphia County |
| Administrator of the Estate of | : | Court of Common Pleas – Law Division |
| David Powell, | : | |
| 1328 N. 22nd Street | : | |
| Philadelphia, Pa 19121 | : | |
| *Plaintiff* | : | July Term, 2024 |
| v. | : | No. _____ |
| | : | |
| Domus, Inc., | : | |
| 101 Limekiln Pike | : | |
| Glenside, Pa 19038 | : | |
| | : | |
| And | : | |
| | : | |
| American Sitework, LLC, | : | |
| 1401 Industrial Hwy Unit A, | : | |
| Cinnaminson, NJ 08077 | : | |
| | : | |
| And | : | |
| | : | |
| USA Environmental Management, Inc, | : | |
| 8436 Enterprise Ave. | : | |
| Philadelphia, PA 19153 | : | |
| | : | |
| And | : | |
| | : | |
| City of Philadelphia | : | |
| Dept of Licenses & Inspection | : | |
| 1401 John F. Kennedy Blvd, 11th Floor | : | |
| Philadelphia, PA 19102 | : | |
| | : | |

Case ID: 240702194

And                                          :
                                             :
City of Philadelphia                         :
1515 Arch Street, 16th Floor                 :
Philadelphia, PA 19102                       :
                *Defendants*                 :

---

# **NOTICE**

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. PHILADELPHIA BAR ASSOCIATION

LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701

Case ID: 240702194

Leslie A. Margolies, Esq.
The Real Estate Law Group
Attorney ID# 49213
116 Greenwood Avenue
Wyncote, PA  19095
215-904-3006 tel
LeslieTheLawyer@gmail.com

JURY TRIAL DEMANDED

---

| | | |
|---|---|---|
| Lois Wonlah, Individually and as | : | Philadelphia County |
| Administrator of the Estate of | : | Court of Common Pleas – Law Division |
| David Powell, | : | |
| 1328 N. 22nd Street | : | |
| Philadelphia, Pa 19121 | : | |
| *Plaintiff* | : | July Term, 2024 |
| v. | : | No. _____ |
| | : | |
| Domus, Inc., | : | |
| 101 Limekiln Pike | : | |
| Glenside, Pa 19038 | : | |
| | : | |
| And | : | |
| | : | |
| American Sitework, LLC., | : | |
| 1401 Industrial Hwy Unit A, | : | |
| Cinnaminson, NJ 08077 | : | |
| | : | |
| And | : | |
| | : | |
| USA Environmental Management, Inc, | : | |
| 8436 Enterprise Ave. | : | |
| Philadelphia, PA 19153 | : | |
| | : | |
| And | : | |
| | : | |
| City of Philadelphia | : | |
| 1515 Arch Street, 16th Floor | : | |
| Philadelphia, PA 19102 | : | |
| | : | |
| And | : | |

Case ID: 240702194

City of Philadelphia                          :
Dept. of Licenses & Inspections               :
1401 John F. Kennedy Blvd, 11th Floor :
Philadelphia, PA 19102                        :
        *Defendants*            :

---

## COMPLAINT

    Plaintiff, Lois Wonlah, by and through her attorney, Leslie A. Margolies, Esq., The Real Estate Law Group, hereby files this Complaint against the Defendants for the wrongful destruction of her property and in support thereof avers as follows:

1. Lois Wonlah (hereinafter "Plaintiff") is an adult individual who resides at 1328 N. 22nd Street, Philadelphia, PA 19121, and is the owner of real property located at 2225 Ingersoll, St., Philadelphia, PA 19121-4704, which is the subject property of this Complaint.

2. Domus, Inc., (hereinafter "Defendant Domus"), located at 101 Limekiln Pike, Glenside, PA 19038, is a construction company and/or contractor, involved in the building, repair, and/or demolition related housing and building services, and conducts substantial, continuous, and ongoing construction business activity, throughout the Commonwealth of Pennsylvania.

3. American Sitework, LLC., (hereinafter "American Sitework"), located at 1401 Industrial Hwy Unit A, Cinnaminson, NJ 08077, was sub-contracted by Defendant Domus and/or Defendants, to conduct building, repair, and/or

Case ID: 240702194

demolition related housing and building services, at or around the subject property, and conducts substantial, continuous, and ongoing construction business activity, throughout the Commonwealth of Pennsylvania.

4. USA Environmental Management, Inc, (hereinafter "USAEM"), located at 8436 Enterprise Ave. Philadelphia, PA 19153, was sub-contracted by Defendant Domus and/or Defendants, to conduct building, repair, and/or demolition related housing and building services, at or around the subject property, and conducts substantial, continuous, and ongoing construction business activity, throughout the Commonwealth of Pennsylvania.

5. The City of Philadelphia (hereinafter "Defendant City") is a municipal corporation with a principal place of business at 1 Parkway. Building, 16th Floor, 1515 Arch Street, Philadelphia, Pennsylvania,19102.

6. The City of Philadelphia Department of Licenses & Inspection (hereinafter "Defendant Department of L & I") is a department within the municipal corporation known as the City of Philadelphia with offices located at 1401 John F. Kennedy Boulevard, 11th Floor, Philadelphia, Pennsylvania, 19102.

7. At all relevant times, the Defendants acted by and through its agents, servants, employees, officers, directors, managing agents and/or ostensible agents.

8. At all relevant times, the Defendants, by and through their agents, employees, servants, officers, directors, managing agents and/or ostensible agents, were acting under color of law, statute, ordinance, regulation, custom, policy and/or usage, as the government or at the behest of the government.

9. At all relevant times, the Plaintiff owned a parcel of real estate with an address of 2225 Ingersoll, St., Philadelphia, PA 19121-4704 (Parcel Number 291086200) upon which was erected a building (hereinafter "the subject property").

10. The building and lot upon which it was constructed located at the subject property address was purchased by the Plaintiff's late father, David Powell, on April 15, 1976, for consideration in the amount of $600.00.  **A true and correct copy of the Plaintiff's deed dated April 12, 1975, is attached hereto as Exhibit "A".**

11. Upon the passing of Mr. David Powell, the subject property was transferred to Plaintiff, as Mr. Powell's surviving daughter and as Administrator of the Estate.  **A true and correct copy of the Plaintiff's Letters of Administration dated September 16, 2019, is attached hereto as Exhibit "B."**

12. At all relevant times, the Plaintiff's residential address in Philadelphia, 1328 N. 22nd Street, Philadelphia, PA 19121, was known to Defendant Domus, the Defendant City, the Defendant Department of L & I, and their counsel.

13. For example, on June 30, 2023, the Defendants sent the Plaintiff, a Notice of Demolition Activity in Neighborhood, advising that "the Department has received an application for demolition work at the subject property listed above [2223 INGERSOLL ST, Philadelphia, PA 19121-4704] (hereinafter the "neighboring property") and this project may impact your property [and] the contractor [Domus] may start demolition work upon issuance of a permit but no sooner than: July 19, 2023," **A true and correct copy of the letter dated June 30, 2023, from the City Defendants and Defendants L&I, to the Plaintiff is attached hereto as Exhibit "C."**

14. Upon information and belief, Domus, whom later sub-contracted with other Defendants, at the time of obtaining a demolition permitting, and at all relevant times thereafter, had failed to, perform the following, including but not limited to: a) performing an engineering/demolition survey; b) preplan the work consistent with well-established engineering/demolition industry standards; c) perform proper engineering analysis; d) properly calculate the stability needed to prevent building damage and/or risk of collapse; e) properly calculate the necessary lateral bracing to prevent building damage and/or risk of collapse; f) failing to ensure that an engineering survey was

Case ID: 240702194

performed; g) failing to retain competent employees, contractors, and/or subcontractors; h) failing to ensure that proper lateral bracing was in place to prevent damage and/or risk of collapse; and j) failing to ensure that safe demolition practices were employed on site.

15. Upon information and belief, Domus, sub-contracted the demolition services of Defendants American Sitework and USAEM, and at the time of obtaining a demolition permitting, and at all relevant times thereafter, Defendants American Sitework and USAEM, had failed to, perform the following, including but not limited to: a) performing an engineering/demolition survey; b) preplan the work consistent with well-established engineering/demolition industry standards; c) perform proper engineering analysis; d) properly calculate the stability needed to prevent building damage and/or risk of collapse; e) properly calculate the necessary lateral bracing to prevent building damage and/or risk of collapse; f) failing to ensure that an engineering survey was performed; g) failing to retain competent employees, contractors, and/or subcontractors; h) failing to ensure that proper lateral bracing was in place to prevent damage and/or risk of collapse; and j) failing to ensure that safe demolition practices were employed on site.

16. Prior to July 19, 2023, the subject property was fully habitable, safe, and compliant for occupancy.  **True and correct photos of the subject property prior to June 30, 2023, are attached hereto as Exhibit "D."**

17. At no time prior to July 19, 2023, was the subject property, ever designated, classified, or otherwise deemed uninhabitable, unsafe, or dangerous, by the City Defendants, Defendants L&I, or by any party for that matter.

18. At or around July 19, 2023, Defendants Domus, American Sitework, USAEM, pursuant to the permit obtained from the City Defendants, to Domus, began conducting demolition work at the adjacent neighboring property located at 2223 Ingersoll St., Philadelphia, PA 19121-4704.

19. Upon information and belief, Defendant Domus never advised, provided notice, or otherwise obtained permission from the City Defendants to sub-contract any demolition work to Defendants American Sitework and/or USAEM and/or any other sub-contractor for that matter, and that the relevant permitting only authorized Defendant Domus to conduct such demolition work at or near the subject property, and therefore, any demolition work conducted by Defendants American Sitework and/or USAEM and/or other third parties, was unauthorized, unpermitted, and otherwise illegal.

20. From July 19, 2023, until September of 2023, Defendants Domus, American Sitework, and/or USAEM, pursuant to the permit obtained from the City Defendants, to Domus, continued conducting demolition work and/or activity, at the adjacent neighboring property located at 2223 Ingersoll St., Philadelphia, PA 19121-4704.

21. At, or around October 6, 2023, Plaintiff observed a crack in the wall of the subject property. **True and correct photos of the subject property at or around October 6, 2023, reflecting the cracked wall, caused by the demolition work, are attached hereto as Exhibit "E."**

22. From these photos, it is clear that Defendants Domus, American Sitework, and USAEM, individually and jointly, were not utilizing reasonable, safe, or industry standard demolition practices, including but not limited to a) proper lateral bracing was in place to prevent damage or risk of collapse; b) ensuring that safe demolition practices were employed on site; c) utilizing adequate materials and equipment to ensure proper shoring and structural stability of the building; and, d) employing proper stability needed to prevent damage and/or risk of collapse.

23. The same day, on October 6, 2023, Plaintiff called the City Defendants, Defendants L&I, reporting such damage to the subject property. **A true and correct copy of the Demolition Complaint to the City Defendants, dated October 6, 2023, is attached hereto as Exhibit "F."**

24. On October 6, 2023, the City Defendants, Defendants L&I, posted on front window of the subject property, a notice from L&I, dated October 5, 2023, stating "Imminently Dangerous Structure." **A true and correct photo of the**

**L&I Notice on the front window of the subject property, is attached**

**hereto as Exhibit "G."**

25. At or about October 6, 2023, Plaintiff spoke with the L&I Supervisor for the City Defendants, Defendants L&I, who stated that the damage to the subject property was caused by Domus, the company responsible for the demolition activity to the adjacent neighboring property, and that L&I would be discussing the matter with Defendant Domus.

26. By way of letter dated October 12, 2023, Defendant Domus admitted in a letter from Sean Niebauer, Project Manager, that they were fully responsible for the damage caused to the subject property, agreeing to offer in pertinent part that: "in the spirit of working in close quarters for the Ingersoll Street in Philadelphia, *Domus will agree to the terms as follows, Property Owner will allow Domus Construction to Repair the Front and Side corner elevations building.* Domus will eventually need access to the property during working hours of 7am-3:30 pm once work commences …"  **A true and correct copy of the letter dated October 12, 2023, from Defendant Domus to the Plaintiff, is attached hereto as Exhibit "H" (emphasis added).**

27. Upon information and belief, Defendants Domus, American Sitework, and USAEM, are individually and jointly responsible for the damage caused to the

Case ID: 240702194

subject property and were all in the chain of causation and/or proximate

cause of the damage and harm to the subject property.

28. On October 17, 2023, Mr. Joseph Carroll, Building Inspector from Defendant

L & I advised that an L&I Violation Notice and Order to Correct, was mailed to

Plaintiff, and that Domus was required to get proper permitting and obtain an

engineering report." **A true and correct copy of the letter dated October 7,**

**2023, from the City Defendants, Defendants L&I, to the Plaintiff, is**

**attached hereto as Exhibit "I."**

29. On November 3, 2023, there are a series of emails between Plaintiff and Mr.

Sean Niebauer, Project Manager for Defendant Domus, wherein, several

proposals were discussed, including in pertinent part: a) Domus removing the

damaged structure on the subject property and compensating Plaintiff $114k,

along with Plaintiff keeping ownership of the land; b) Domus compensating

Plaintiff $300k, in exchange for transfer of ownership of the land to Domus. **A**

**true and correct copy of the emails dated November 3, 2023, from**

**Defendant Domus to the Plaintiff, is attached hereto as Exhibit "J."**

30. On November 3, 2023, Sean Niebauer, Project Manager for Defendant

Domus, via email, stated to Plaintiff that "It's going to cost us over $250,000+

just in permits and demo to remove the currently standing house on the

property [and] you would benefit to this as the land alone is work more with

nothing on it than something [and] and it cost nothing to you to have it

removed [and] *we are still weighing the option to repair the building* [and] with that said a structural engineer will be on site to review your house next week. with that said, we would have to pay a structural engineer to make drawings and sign and seal them (high cost) now that the city is involved, then submit for permits (also a cost) [and] pay sub-contractors and a scaffolding company to come in (more cost)to correct all issues [and] *the options in your email, regrettably are not an option at this point.*"  In other words, Defendant Domus was not willing to compensate Plaintiff, the fair market value, for the property damage they already admitted to causing.  **A true and correct copy of the emails dated November 3, 2023, from Defendant Domus to the Plaintiff, is attached hereto as Exhibit "J" (emphasis added).**

31. On November 9, 2023, Sean Niebauer, Project Manager for Defendant Domus, advised Plaintiff via email that "the structural engineer has been on site, I am waiting to hear back from him as he said it would take him a couple day to review the photos and come up with a plan …"  As such, Defendant Domus set forth and otherwise represented to Plaintiff, that they were seeking a repair plan.  **A true and correct copy of the emails dated November 9, 2023, from the Defendant Domus to the Plaintiff, is attached hereto as Exhibit "J" (emphasis added).**

32. On November 9, 2023, Sean Niebauer, Project Manager for Defendant Domus, advised via email to Plaintiff, that "*we are willing to demo the building and leave you with a level grassed lot at no cost to you* [and] meaning we will submit for permits and everything else [and] *the lot would still be in your name and you can do with the lot as you choose*." **A true and correct copy of the emails dated November 9, 2023, from the Defendant Domus to the Plaintiff, is attached hereto as Exhibit "J" (emphasis added).**

33. On November 13, 2023, out of frustration with the lack of progress with Domus, Plaintiff sought guidance with the Philadelphia City Council, who advised that there was nothing the City Defendants could do, and that Plaintiff should seek legal representation.

34. On November 27, 2023, Sean Niebauer, Project Manager for Defendant Domus, advised via email to Plaintiff, that they would not compensate Plaintiff for the damage to the housing structure on the subject property at that "since we are at a standstill, please repost the damage to your homeowner's insurance, your carrier will send us a letter you can either have the letter sent directly to our office …" **A true and correct copy of the emails dated November 27, 2023, from the Defendant Domus to the Plaintiff, is attached hereto as Exhibit "J" (emphasis added).**

35. From November 27, 2023, to December 11, 2023, Plaintiff sought to file a claim with the insurance company for Domus and retain a structural engineer, and this information was well known and communicated to the Defendants.

36. Plaintiff relied upon, to her detriment, the representations from Defendant Domus, regarding the possibility for repair, the filing of an insurance claim, and a pending report from a structural engineer, at the time unaware, that Defendant Domus was coordinating with the City Defendants, Defendants L&I, to move forward with the demolition of the subject property, without any reasonable or adequate notice.

37. Indeed, on December 11, 2023, Mr. Joseph Carroll, Building Inspector from L&I, the City Defendants, discussed with Plaintiff, regarding the status of repairs to the subject property, and was advised that Defendant Domus had stopped responding, and the City Defendants, Defendants L&I, advised for **the first time**, that Defendant Domus would not be doing any repairs as the City had declared the structure condemned. **A true and correct copy of the emails dated December 11, 2023, from the City Defendants to the Plaintiff, is attached hereto as Exhibit "K."**

38. The same day, later that afternoon, on December 11, 2023, Mr. Thomas Rybakowski, Building Inspector from L&I, the City Defendants, advised to

Case ID: 240702194

Plaintiff that the structure at the subject property would need to be demolished immediately.

39. At no time did the City Defendants, Defendants L&I, provide Plaintiff any formal or reasonable written notice that the subject property would need to be demolished immediately.

40. On December 13, 2023, to December 15, 2023, the City Defendants conducted demolition of the structure at the subject property, completely removing the housing structurally damaged by Defendants Domus and USAEM located on the subject property.

41. The City Defendants sent the Plaintiff, an Abatement Work Invoice, dated January 2, 2024, in the amount of $23,230.79. **A true and correct copy of the letter dated January 2, 2024, from the City Defendants to the Plaintiff, is attached hereto as Exhibit "L."**

42. At no time from July 19, 2023, when  was first, permitted by the City Defendant, Defendants L&I,  to commence demolition on the neighboring property, adjacent to the subject property, to present, has the City Defendants, Defendants L&I,  ever cited, fined, or ever issued a violation to Defendant Domus, for its demolition work at the subject property, although Defendant Domus at length, has taken responsibility and admitted they caused harm to Plaintiff's property.

43. As a direct and proximate result of the Defendants' failure to provide any actual and/or proper legal notice of the alleged "dangerous condition" on the subject property and their decision to demolish it, the Plaintiff has incurred economic damages including but not limited to the market value of the subject property, and the assessed cost of the demolition itself including interest and penalties.

44. The economic damages incurred by the Plaintiff are summarized as follows:

    a. $160,000.00    (market value of the subject property)

    b. $23,230.79    (assessed cost of demolition)

    c. $10,000    (attorney's fees and costs)

45. On February 9, 2024, the Plaintiff submitted her claim to the City of Philadelphia Risk Management Division which claim was denied by the City Defendants, Defendants L&I, by letter dated February 9, 2024, setting forth that "the City of Philadelphia was not responsible for this incident" and Plaintiff should contact Defendant Domus. **A true and correct copy of this letter dated February 9, 2024, is attached hereto as Exhibit "M".**

WHEREFORE, the Plaintiff demands judgment in her favor and against all Defendants, jointly and severally, in an amount in excess of Two-Hundred Thousand

($200,000) Dollars including costs of suit, delay damages, attorney's fees and any and all other relief the Court deems proper.

## COUNT I
## NEGLIGENCE
*(PLAINTIFF v. DEFENDANTS DOMUS, INC. AMERICAN SITEWORK, and USAEM)*

46. The Plaintiff incorporates herein by reference all of the averments above as though fully set forth herein at length.

47. At all relevant times, Defendants Domus, American Sitework, USAEM, were individually and jointly responsible for and maintained a duty of care to Plaintiff, for any and all demolition work occurring at the neighboring property, adjacent to Plaintiff's property, the subject property.

48. The economic property damages and economic loss, sustained by the Plaintiff, was caused by the negligence, carelessness, gross negligence, recklessness and outrageous conduct of Defendants Domus, American Sitework, and/or USAEM, individually and jointly, acting by and through its agents, servants, workers and/or employees, both generally and in the following particular respects:

   a. Failing to perform an engineering/demolition survey;

   b. Failing to preplan the work;

   c. Failing to perform an engineering analysis on the neighboring and potential impact on subject properties;

   d. Allowing demolition to proceed despite knowledge that the wall

Case ID: 240702194

adjoining the subject property was unbraced and likely to be damaged and/or caused to fall;

e.  Failing to properly calculate the stability needed to prevent damage and collapse to the subject property;

f.  Failing to properly calculate the necessary lateral bracing to prevent damage and collapse to the subject property;

g.  Failing to ensure that an engineering survey was performed;

h.  Failing to retain competent employees, contractors, and/or

i.  subcontractors;

j.  Failing to ensure that proper lateral bracing was in place to prevent damage or risk collapse to the subject property;

k.  Failing to ensure that safe demolition practices were employed on site;

l.  Allowing the demolition to take place without an adequate agreement in place with the Plaintiff, to allow the work to safely proceed;

m.  Failing to periodically inspect the demolition site;

n.  Violating the NSPE Code of Ethics for Engineers and demolition workers;

o.  Failing to ensure that the building was demolished from the top down;

p.  Failing to correct the safety hazard of an unbraced wall looming above;

q.  Observing dangerous demolition practices and allowing them to continue;

r.  Failing to plan, plot, design and supervise the demolition work properly;

s.  Failing to adequately inspect the project for dangerous and hazardous

conditions;

t.  Failing to request, implement, and/or enforce a shoring plan, a demolition plan, and/or an engineering plan;

u.  Failing to inspect sufficiently the construction site and allowing, *inter alia*, workers to work in or around an area that was inadequately braced and structurally unstable;

v.  Violating applicable OSHA regulations and/or demolition standards, including but not limited to 1926.850; 1926.854; and the General Duty Clause;

w.   Violation applicable ANSI standards pertaining to demolition;

x.  Failing to provide adequate materials and equipment to ensure proper shoring and structural stability of the building;

y.  Failing to train and supervise their employees properly;

z.  Failing to hire competent employees, safety inspectors, contractors and subcontractors;

aa. Breaching their duties under the Restatement of the Law of Torts (Second), including §343, 413, 414, 416, 427 and 429;

bb. Violating and failing to comply with federal and state statutes, local ordinances and all other rules or regulations applicable, or in effect, pertaining to the performance of demolition work;

cc. Failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans;

dd. Promulgating and/or adopting insufficient plans for the work in or

around the structurally instability;

ee. Failing to engage and employ appropriate numbers of workers at the site;

ff. Failing to adopt and/or enforce a site specific safety plan, demolition plan, engineering plan, and/or shoring plan;

gg. Failing to ensure that all subcontractors performed all work in accordance with OSHA regulations;

hh. Failing to recommend, provide and enforce frequent inspections of the work area;

ii. Failing to have the subject area tested for stability or safety prior to allowing the subject ironwork work to begin;

jj. Failing to eliminate the hazards or warn Plaintiff about such hazards when defendant expected or should have expected that plaintiff would not discover or realize the danger of structurally instability;

kk. Failing to ensure demolition work was not performed in or around areas that required shoring or areas of structurally instability;

ll. Negligence per se; and

mm.   Failing to properly sequence the work.


49. The conduct by Defendants Domus, American Sitework, USAEM, individually and jointly, as described above, demonstrated a wanton disregard for the safety and property of Plaintiff.

Case ID: 240702194

50. By reason of the carelessness, negligence, gross negligence, and recklessness of Defendants Domus, American Sitework, USAEM as aforesaid, Plaintiff was caused to sustain substantial and significant economic loss, harm, and property damage.

51. By conducting itself as set forth above, Defendants' acts and/or omissions were substantial factors, a factual cause of the substantial and significant economic loss, harm, and property damage to Plaintiff.

WHEREFORE, the Plaintiff demands judgment in her favor and against all Defendants, jointly and severally, in an amount in excess, of Two-Hundred Thousand ($200,000) Dollars including costs of suit, delay damages, attorney's fees and any and all other relief the Court deems proper.

**COUNT II**
**NEGLIGENT DEMOLITION**
*(PLAINTIFF v. CITY DEFENDANTS, DEFENDANTS L&I)*

52. The Plaintiff incorporates herein by reference all of the averments above as though fully set forth herein at length.

53. The City Defendants, Defendants L&I, acting under color of law, had a duty to take reasonable steps calculated to provide actual notice to interested parties such as the Plaintiff property owner to apprise him of the pendency of the

Case ID: 240702194

action to demolish the subject property.  <u>Pivirotto v. City of Pittsburgh</u>. 515

Pa. 246, 256, 528 A.2d 125 (1987).

54. When one branch of a City government has notice of where to find an

interested party, and another branch of the City government demolishes the

subject property, it cannot be said that the City has taken reasonable steps

calculated to apprise the interested party of the demolition when the contact

information is readily ascertainable. "*The left hand should know what the right*

*hand does*" (quoting Justice Larsen in his concurring opinion). <u>Id.</u>

55. The Plaintiff, as the record owner of the subject property, was entitled to

reasonable notice of any alleged defective conditions and/or code violation

which the Defendants believed to exist on the subject property.

56. However, by only sending notices of the alleged defective condition and

notice of the impending demolition to the subject property itself instead of the

Plaintiff's residential address, the Defendants deprived the Plaintiff of the

opportunity to either dispute the existence of the alleged defective condition

or to inspect and remediate same prior to demolition.

57.  Additionally, the City Defendants, Defendants L&I, only notified Plaintiff of the

"immediate demolition" on December 11, 2023, just 2 days before

commencing demolition work on December 13, 2023.

Case ID: 240702194

58. Therefore, the Defendants intentionally, recklessly, willfully and/or negligently breached their duty to provide the Plaintiff with actual and/or proper legal notice of any alleged code violations and the opportunity to dispute or remediate the alleged defective condition, thereby causing economic losses as more fully described herein.

59. Moreover, because the Defendant Department of L & I had actual knowledge of the Plaintiff's current residential address in their file (as evidenced by the several letters), the Plaintiff believes and therefore avers that the acts and omissions of the Defendants were particularly egregious.

60. At no time from July 19, 2023, when Defendant Domus was first, permitted by the City Defendant, Defendants L&I, to commence demolition on the neighboring property, adjacent to the subject property, to present, has the City Defendants, Defendants L&I, ever cited, fined, or ever issued a violation to Defendants Domus, American Sitework, and/or USAEM for its demolition work at the subject property, although Defendant Domus at length, has taken responsibility and admitted they caused harm to Plaintiff's property.

61. Indeed, upon information and belief, the relevant demolition permitting issued by the City Defendant, Defendants L&I, only authorized Defendant Domus, and not Defendants American Sitework and/or USAEM.

62. As a direct and proximate result of the Defendants' reckless and wrongful acts and omissions which resulted in the demolition of the subject property without reasonable notice to the property owner, the Plaintiff has incurred economic damages including but not limited to the market value of the subject property, and the assessed cost of the demolition itself including interest and penalties.

63. The economic damages incurred by the Plaintiff are summarized as follows:

    a. $160,000.00    (market value of the subject property)

    b. $23,230.79    (assessed cost of demolition)

    c. $10,000    (attorney's fees and costs)

WHEREFORE, the Plaintiff demands judgment in her favor and against all Defendants, jointly and severally, in an amount in excess, of Two-Hundred Thousand ($200,000) Dollars including costs of suit, delay damages, attorney's fees and any and all other relief the Court deems proper.

## COUNT III
## VIOLATION OF PROCEDURAL DUE PROCESS
*(PLAINTIFF v. DEFENDANTS DOMUS, INC., AMERICAN SITEWORK, USAEM, CITY DEFENDANTS, DEFENDANTS L&I)*

64. The Plaintiff incorporates herein by reference all of the averments above as though fully set forth herein at length.

Case ID: 240702194

65. The 14th Amendment of the U.S. Constitution protects private citizens against unreasonable searches and seizures by the government and its agents, employees, servants, officers, directors, managing agents and/or ostensible agents.

66. Notwithstanding the fact that the Defendants had actual and/or constructive notice of the Plaintiff's current residential address and the Defendants failed to provide the Plaintiff with reasonable notice of the alleged defective condition and the impending demolition of the subject property.

67. By failing to provide the Plaintiff with reasonable notice of the alleged defective condition and the impending demolition of the subject property, the Defendants unreasonably seized the Plaintiff's property and deprived her of the possession, use and enjoyment of his property in violation of her right to procedural due process under the 14th Amendment of the U.S. Constitution, as well as the Constitution of the Commonwealth of Pennsylvania.

68. Procedural due process requires that the deprivation of life, liberty or property by adjudication be preceded *by notice and opportunity for hearing.*

69. At all relevant times, the Defendants were required to provide timely and proper notice to the Plaintiff, reasonably calculated under the circumstances to apprise the Plaintiff of the alleged defective condition and the pendency of the demolition, and to afford the Plaintiff the opportunity to present objections,

Case ID: 240702194

remove personal property therein, or remediate the alleged defective condition, if any, and any other legal action available to Plaintiff under the law.

70. In order to be constitutionally sufficient, the notice must be *reasonably calculated to reach the intended recipient* when sent.

71. Section A-502.4 of the Philadelphia Administrative Code provides that notice of a violation shall be deemed properly served if a copy is delivered to such a person by one or more of the following:

   d.  Personal Service;

   e.  First Class Mail to the last known residence or business address;

   f.  Certified or Registered Mail to the last known residence or business address, return receipt requested;

   g.  Leaving it in the possession of an adult member of the person's family;

   h.  Leaving it in the possession of any adult in charge of the premises of the person's place of business;

   i.  If no address is known or the mail is returned indicating no delivery, a copy of the notice shall be posted in a conspicuous place at the entrance or avenue of access to the premises in violation.

72. At all relevant times, the Defendants were required to send any notices of code violations or notice of demolition, to the Plaintiff's residential address

Case ID: 240702194

which was available to the Defendant City, the Defendant Dept of L & I and their counsel.

73. Instead, the Defendants only sent the notices to a vacant property and upon information and belief only posted the notice on the subject property itself the day of demolition for a photograph to put in their file.

74. Additionally, the City Defendants, Defendants L&I, only notified Plaintiff of the "immediate demolition" on December 11, 2023, just 2 days before commencing demolition work on December 13, 2023.

75. At no time from July 19, 2023, when Defendant Domus, whom later sub-contracted with Defendants American Sitework, and USAEM were first, permitted by the City Defendant, Defendants L&I,  to commence demolition on the neighboring property, adjacent to the subject property, to present, has the City Defendants, Defendants L&I,  ever cited, fined, or ever issued a violation to Defendant Domus, American Sitework and/or USAEM, for its demolition work at the subject property, although Defendant Domus at length, has taken responsibility and admitted they caused harm to Plaintiff's property.

76. Therefore, the Plaintiff was deprived of her protected property interest without adequate procedural due process, entitling him to appropriate damages.

77. As a direct and proximate result of the Defendants' violation of the Plaintiff's right to procedural due process under the 14th Amendment of the U.S.

Constitution, the Plaintiff has suffered economic damages in an amount in excess of $50,000.

78. The economic damages incurred by the Plaintiff are summarized as follows:

      j.   $160,000.00     (market value of the subject property)

      k.   $23,230.79    (assessed cost of demolition)

      l.   $10,000       (attorney's fees and costs)

WHEREFORE, the Plaintiff demands judgment in her favor and against all Defendants, jointly and severally, in an amount in excess, of Two-Hundred Thousand ($200,000) Dollars including costs of suit, delay damages, attorney's fees and any and all other relief the Court deems proper.

**COUNT IV**
**VIOLATION OF SUBSTANTIVE DUE PROCESS**
***(PLAINTIFF v. DEFENDANTS DOMUS, INC., AMERICAN SITEWORK, USAEM,***
***CITY DEFENDANTS, DEFENDANTS L&I)***

79. The Plaintiff incorporates herein by reference all of the averments above as though fully set forth herein at length.

80. The violation of the Plaintiff's substantive due process rights by the acts and omissions of the Defendants which resulted in the deprivation of her fundamental interest in the real and personal property that were located at or on the subject property was arbitrary and shocks the conscience.

81. Notwithstanding the fact that the Defendants knew or should have known, the correct residential mailing address of the Plaintiff, the Defendants failed to

give the Plaintiff proper written notice of the alleged defective condition and/or code violations as well as notice of the impending demolition of the subject property.

82. By demolishing the subject property without giving Plaintiff proper written notice, the Defendants deprived the Plaintiff of her fundamental interest in the subject property and being that such deprivation was arbitrary and shocks the conscience, the Defendants violated the Plaintiff's right to substantive due process under the 14th Amendment of the U.S. Constitution, as well as the Constitution of the Commonwealth of Pennsylvania.

83. As a result of the aforesaid acts and omission of the Defendants, the Plaintiff was deprived of a fundamental property interest in the building and its contents located on the subject property which was demolished and destroyed by the Defendants and/or Defendants' agents, servants, employees, officers, directors, managing agents and/or ostensible agents.

84. The deprivation of the fundamental property interest of the Plaintiff as set forth above was initiated by the Defendant City and the Defendant Dept of L & I when the two governmental entities failed to use the address for Plaintiff which was on file with the Defendant Dept of L & I and the Defendant City's Department of Revenue and their counsel, and the City Solicitor's Office.

85. At all relevant times, neither of the Defendants had adequate justification for their acts and omissions in failing to give the Plaintiff proper legal notification of the alleged defective condition and impending demolition of her building located at the subject property.

86. Additionally, the City Defendants, Defendants L&I, only notified Plaintiff of the "immediate demolition" on December 11, 2023, just 2 days before commencing demolition work on December 13, 2023.

87. At no time from July 19, 2023, when Defendant Domus, whom later sub-contracted with American Sitework and USAEM, were first, permitted by the City Defendant, Defendants L&I,  to commence demolition on the neighboring property, adjacent to the subject property, to present, has the City Defendants, Defendants L&I,  ever cited, fined, or ever issued a violation to Defendant Domus, for its demolition work at the subject property, although Defendant Domus at length, has taken responsibility and admitted they caused harm to Plaintiff's property.

88. Plaintiff was entitled to the use and enjoyment of the real and personal property located at the subject property and was deprived of same by the acts and omissions of the Defendants as aforesaid.

89. At all relevant times, the acts and omissions of the Defendants were made by and through their agents, servants, employees, officers, directors, managing agents and/or ostensible agents.

90. The deprivation of the Plaintiff's right to the use and enjoyment of the subject property without notice reasonably calculated to reach him constitutes a violation of her right to substantive due process.

91. As a direct and proximate result of the Defendants' violation of the Plaintiff's right to substantive due process under the 14th Amendment of the U.S. Constitution, the Plaintiff has suffered economic damages in an amount in excess of $200,000.

92. The economic damages incurred by the Plaintiff are summarized as follows:

    m. $160,000.00    (market value of the subject property)

    n. $23,230.79    (assessed cost of demolition)

    o. $10,000    (attorney's fees and costs)

WHEREFORE, the Plaintiff demands judgment in her favor and against all Defendants, jointly and severally, in an amount in excess, of Two-Hundred Thousand ($200,000) Dollars including costs of suit, delay damages, attorney's fees and any and all other relief the Court deems proper.

**COUNT V**
**VIOLATION OF CIVIL RIGHTS**
*(PLAINTIFF v. DEFENDANTS DOMUS, INC., AMERICAN SITEWORK, USAEM, CITY DEFENDANTS, DEFENDANTS L&I)*

93. The Plaintiff incorporates herein by reference all of the averments above as though fully set forth herein at length.

94. At all relevant times, the Defendants and their agents were acting under color of law, statute, ordinance, regulation, custom, policy and/or usage, as the City government or at the behest of the City government, when they demolished the subject property owned by the Plaintiff.

95. At all relevant times, the Defendants and their agents were government actors or working at the behest of government actors, acting by and through their agents, servants, employees, officers, directors, managing agents and/or ostensible agents.

96. Notwithstanding the fact that the Defendants knew or should have known the correct residential mailing address of the Plaintiff, the Defendants failed to provide notice reasonably calculated to reach the intended recipient property owner of the alleged defective condition and/or code violations and/or impending demolition of the subject property due to inadequate customs, policies and procedures.

97. Additionally, the City Defendants, Defendants L&I, only notified Plaintiff of the "immediate demolition" on December 11, 2023, just 2 days before commencing demolition work on December 13, 2023.

98. At no time from July 19, 2023, when Defendants Domus, whom later sub-contracted with American Sitework and USAEM were first, permitted by the City Defendant, Defendants L&I,  to commence demolition on the neighboring property, adjacent to the subject property, to present, has the City Defendants, Defendants L&I,  ever cited, fined, or ever issued a violation to Defendant Domus, for its demolition work at the subject property, although Defendant Domus at length, has taken responsibility and admitted they caused harm to Plaintiff's property.

99. Defendants' acts and omissions which resulted in the failure to provide actual and proper notice of the alleged defective condition and/or code violations and/or impending demolition of the subject property caused the deprivation of the Plaintiff's rights, privileges and/or immunities secured by the Constitution of the Commonwealth of Pennsylvania, and as such, Defendants are liable to the Plaintiffs at law and/or equity.

100.   By demolishing the subject property without giving her proper written notice, the Defendants deprived the Plaintiff of the possession, use and enjoyment of the subject property in violation of her right to procedural due process.

101.   By demolishing the subject property without giving her proper written notice, the Defendants deprived the Plaintiff of her fundamental interest in the

subject property and such deprivation being arbitrary and shocking the conscience, violated the Plaintiff's right to substantive due process under the 14th Amendment of the U.S. Constitution.

102.    By demolishing the subject property without giving him proper written notice, the Plaintiff's personal property contained within the premises of the subject property were also demolished destroyed, sold and/or converted by the Defendants and/or Defendants' agents, servants, employees and/or ostensible agents.

103.    The Plaintiff believes and therefore avers that the failure to send proper notice of the alleged defective condition and/or code violation and/or of the impending demolition of her property was based upon official government policy or custom made by an individual with policy-making authority which constitutes a violation of 42 U.S.C. Section 1983.

104.    As a direct and proximate result of the Defendants' violation of 42 U.S.C Section 1983, the Plaintiff has suffered economic damages in an amount in excess of $50,000 which are summarized as follows:

    p.  $160,000.00      (market value of the subject property)

    q.  $23,230.79      (assessed cost of demolition)

    r.  $10,000        (attorney's fees and costs)

WHEREFORE, the Plaintiff demands judgment in her favor and against all Defendants, jointly and severally, in an amount in excess, of Two-Hundred Thousand ($200,000) Dollars including costs of suit, delay damages, attorney's fees and any and all other relief the Court deems proper.

THE REAL ESTATE LAW GROUP

*Leslie A. Margolies*

Leslie A. Margolies, Esq.
Attorney for the Plaintiff

Dated: July _____, 2024

Case ID: 240702194

## **VERIFICATION**

I, Lois Wonlah, the Plaintiff herein, do hereby verify that the statements set forth in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.  I understand that these statements are made subject to the penalties of 18 Pa. C.S.§ 4904, relating to unsworn falsification to authorities.

_Lois E. Wonlah_

Lois Wonlah

Dated: _6/25/24_

34

Leslie A. Margolies, Esq.
The Real Estate Law Group
Attorney ID# 49213
116 Greenwood Avenue
Wyncote, PA  19095
215-904-3006 tel
215-904-3307 fax

---

| Lois Wonlah, Individually and as | : | Philadelphia County |
|---|---|---|
| Administrator of the Estate of | : | Court of Common Pleas – Law Division |
| David Powell, | : | |
| *Plaintiff* | : | June Term, 2024 |
| v. | : | No. |
| | : | |
| Domus, Inc., | : | |
| 101 Limekiln Pike | : | |
| Glenside, Pa 19038 | : | |
| | : | |
| And | : | |
| | : | |
| City of Philadelphia | : | |
| Dept of Licenses & Inspection | : | |
| 1401 John F. Kennedy Blvd, 11ᵗʰ Floor | : | |
| *Defendants* | : | |

---

### AFFIDAVIT OF PLAINTIFF

| COMMONWEALTH OF PENNSYLVANIA | : | |
|---|---|---|
| | : | ss. |
| COUNTY OF PHILADELPHIA | : | |

I, Lois Wonlah, the Plaintiff herein, being duly sworn according to law, depose and say that the facts stated herein are true and correct.

Lois Wonlah

Dated: 6/25/24

Case ID: 240702194

# EXHIBIT B

## AFFIDAVIT OF SERVICE

| Case: July 2024-02194 | Court: Court of Common Pleas of Pennsylvania | | County: Philadelphia |
|---|---|---|---|
| Plaintiff / Petitioner: Lois Wonlah | | Defendant / Respondent: Domus Inc. etal | |
| Received by: Seagull Legal Services Inc. | | For: The Real Estate Law Group | |
| To be served upon: City of Philadelphia | | | |

Filed and Attested by the Office of Judicial Records 15 AUG 2024 07:53 pm C. SMITH

I, Stephanie Segal, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents

**Address:**          1515 Arch Street, 14th Fl., Philadelphia, PA 19102
**Manner of Service:** Authorized, Aug 8, 2024, 9:51 pm EDT
**Documents:**        Complaint & Exhibits

**Details:**
Successful Attempt: Aug 8, 2024, 9:51 pm EDT at 1515 Arch Street, 14th Fl., Philadelphia, PA 19102 received by Milagros Colon, Law Department Support Clerk

The facts herein set forth are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to penalties of the 18 Pa.C.S. 4904 relating to unsworn falsifications to authorities.

_Stephanie Segal_                    8/12/2024
Stephanie Segal                       Date

# EXHIBIT C

CITY OF PHILADELPHIA LAW DEPARTMENT          ATTORNEY FOR DEFENDANT CITY
DESJENEE DAVIS                               CITY OF PHILADELPHIA
DEPUTY CITY SOLICITOR
IDENTIFICATION NO. 330200
1515 ARCH STREET, 14TH FLOOR
PHILADELPHIA, PA 19102
(215) 683-5226
Desjenee.Davis@phila.gov

| | | |
|---|---|---|
| **LOIS WONLAH, Indivudally and as Administrator of the Estate of DAVID POWELL** | : : : : | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY CIVIL TRIAL DIVISION** |
| **Plaintiff,** | : : | **JULY TERM 2024 No. 02194** |
| **v.** | : : | |
| **CITY OF PHILADELPHIA, Etal.** | : : : | |
| **Defendants** | : | |

NOTICE OF FILING OF NOTICE OF REMOVAL

**To the Prothonotary:**

Pursuant to 28 U.S.C. § 1446(d), Defendant, City of Philadelphia, by and through the undersigned counsel, hereby give notice that they have filed in the United States District Court for the Eastern District of Pennsylvania the attached Notice of Removal (without exhibits) of the above-captioned action.

Pursuant to 28 U.S.C. § 1446, the filing of this Notice effects the removal of this action to the federal court, and this Court is directed to "proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d).

Respectfully submitted,

/s/ *Desjenee Davis*

Desjenee Davis, Esquire
Deputy City Solicitor
Attorney I.D. No. 330200

1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5226
Desjenee.Davis@phila.gov

Date: <u>September 6, 2024</u>

| | |
|---|---|
| **LOIS WONLAH, Individually and as Administrator of the Estate of DAVID POWELL,** | : **COURT OF COMMON PLEAS** |
| | : **PHILADELPHIA COUNTY** |
| | : **CIVIL TRIAL DIVISION** |
| | : |
| **Plaintiff,** | : **JULY TERM 2024** |
| | : **No. 02194** |
| **v.** | : |
| | : |
| **CITY OF PHILADELPHIA, Etal** | : |
| | : |
| **Defendants** | : |

## CERTIFICATE OF SERVICE

I, Desjenee Davis, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon Plaintiff's counsel and counsel for Co-Defendants Domus, Inc., American Sitework, LLC, and USA Environmental Management Inc. by electronic mail, on the date indicated below:

TO:     ***Counsel for Plaintiff:***                    ***Counsel for Defendant Domus, Inc.:***
        Leslie A. Margolies, Esq.
        The Real Estate Law Group
        116 Greenwood Avenue
        Wyncote, PA 19095
        LeslieTheLawyer@gmail.com




                                              ***Counsel for Defendant USA Environment Management Inc.:***

                                              ***Counsel for Defendant American Sitework, LLC:***

Respectfully submitted,

/s/ *Desjenee Davis*

Desjenee Davis, Esquire
Deputy City Solicitor
Attorney I.D. No. 330200
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5226
Desjenee.Davis@phila.gov

Date: September 6, 2024

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**LOIS WONLOH, Individually and
as Administrator of the Estate of
DAVID POWELL,**                                    **Civil Action**

**v.**

**CITY OF PHILADELPHIA , et al.**                  **No.**


**CASE MANAGEMENT TRACK DESIGNATION FORM**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.              (   )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
  and Human Services denying plaintiff Social Security Benefits.                     (   )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   (   )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
  exposure to asbestos.                                                             (   )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
  commonly referred to as complex and that need special or intense management by
  the court.  (See reverse side of this form for a detailed explanation of special
  management cases.)                                                                (   )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks.   ( **X** )


August 21, 2024          **Desjenee Davis, Esq.**          **City of Philadelphia Defendant_____**
Date                     Attorney-at-law                   Attorney for

 **(215) 683-5226**        **(215) 683-5397**              **Desjenee.Davis@phila.gov**
_____   _____   _____
Telephone                FAX Number                       E-mail Address

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Lois Wonlah, 1328 N. 22nd Street, Philadelphia, PA 19121

Address of Defendant: City of Philadelphia, 1515 Arch Street, Phila, PA 19102; Domus, Inc., 101 Limekiln Pike, Glenside, PA 19038; American Sitework, LLC, 1401 Industrial Hwy Unit A, Cinnaminson, NJ 08077; USA Environmental Management, Inc., 8436 Enterprise Ave, Phila, PA 19153

Place of Accident, Incident or Transaction   Philadelphia, PA

**RELATED CASE IF ANY:**

Case Number:_____   Judge:_____   Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐  No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?     Yes ☐  No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?     Yes ☐  No ☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?     Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE:  9/6/2024        */s/ Desjenee Davis*              330200
                  Attorney-at-Law (Must sign above)          Attorney I.D. # (if applicable)

**Civil (Place a √ in one category only)**

*A.  Federal Question Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2.  FELA
☐  3.  Jones Act-Personal Injury
☐  4.  Antitrust
☐  5.  Wage and Hour Class Action/Collective Action
☐  6.  Patent
☐  7.  Copyright/Trademark
☐  8.  Employment
☐  9.  Labor-Management Relations
☒  10.  Civil Rights
☐  11.  Habeas Corpus
☐  12.  Securities Cases
☐  13.  Social Security Review Cases
☐  14.  Qui Tam Cases
☐  15.  All Other Federal Question Cases. *(Please specify)*:_____

*B.  Diversity Jurisdiction Cases:*

☐  1.  Insurance Contract and Other Contracts
☐  2.  Airplane Personal Injury
☐  3.  Assault, Defamation
☐  4.  Marine Personal Injury
☐  5.  Motor Vehicle Personal Injury
☐  6.  Other Personal Injury *(Please specify)*:_____
☐  7.  Products Liability
☐  8.  All Other Diversity Cases:  *(Please specify)*_____

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, ___Desjenee Davis_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒  Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE:  9/6/2024            */s/ Desjenee Davis*              330200
                     Attorney-at-Law (Sign here if applicable)     Attorney ID # (if applicable)

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Lois Wonlah, Individually and as Administrator of the Estate of David Powell

**DEFENDANTS**

City of Philadelphia, et al.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Leslie A. Margolies, Esq.
The Real Estate Law Group
116 Greenwood Avenue

Attorneys *(If Known)*

Desjenee Davis, City of Philadelphia Law Department
One Parkway Building
1515 Arch Street, 14th Floor

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Product Liability | |    28 USC 157 |    3729(a)) |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine |    Injury Product | |    New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product |    Liability | | ☐ 840 Trademark |    Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards |    Act of 2016 |    (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |    Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract |    Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** |    Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Property Damage |    Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |    Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - |    Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) |    Exchange |
| |    Medical Malpractice | |    Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |    Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff |    Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |    Sentence | |    or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability |    Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** |    26 USC 7609 |    Act/Review or Appeal of |
| |    Employment | **Other:** | ☐ 462 Naturalization Application | |    Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| |    Other | ☐ 550 Civil Rights |    Actions | |    State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |    Conditions of | | | |
| | |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
alleged violation the Plaintiffs' right to substantive due process under the Fourteenth Amendment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| Sep 6, 2024 | /s/ Desjenee Davis |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.