**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LOIS WONLAH, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF DAVID POWELL, <br><br> Plaintiffs, <br><br> v. <br><br> DOMUS, INC., AMERICAN SITEWORK, LLC, USA ENVIRONMENTAL MANAGEMENT, INC., CITY OF PHILADELPHIA DEPT. OF LICENSES & INSPECTION, AND CITY OF PHILADELPHIA, <br><br> Defendants. | **CIVIL ACTION** <br> **No. 2:24-cv-04725-GAW** |

<u>**MEMORANDUM**</u>

**I.    Introduction**

Before this Court is the City of Philadelphia's (the "City[1]") Motion to Dismiss for Failure to State a Claim (the "Motion," at Dkt. #35). The City seeks to dismiss, with prejudice, claims made against it by Plaintiff Lois Wonlah ("Plaintiff") and third-party claims made against it by Domus, Inc. ("Domus"), American Sitework, LLC, and USA Environmental Management, Inc., For the reasons explained below, the Motion is granted.

---

[1]    The allegations of the Complaint and the cross-claims brought by co-defendants in this case purport to makes claims against the City's Department of Licenses and Inspections as a separate party. The Motion at bar does not explicitly seek dismissal of L&I as a party. But a department of the City lacks a separate corporate existence and cannot sue or be sued. *See Van v. City of Philadelphia,* No. 24-CV-5014, 2024 WL 4494691, at *6 (E.D. Pa. Oct. 15, 2024) (Sanchez, J.) (dismissing L&I as a defendant). Perhaps for this reason, there has never been separate service against L&I as a separate party. For these reasons, this Court *sua sponte* dismisses all claims and cross-claims against L&I with prejudice.

II.     **Factual and Procedural Background**

This case involves allegations by Plaintiff regarding damage done to her property (the "Subject Property") as a result of the demolition of an adjacent property (the "Adjacent Property"). Domus allegedly applied for a permit to demolish the Adjacent Property, and the City, via its Licenses and Inspection Department ("L&I"), duly issued the permit. On June 30, 2023, L&I sent letters to neighbors of the Adjacent Property that demolition would start no sooner than July 19, 2023. From July until September, 2023, Domus allegedly continued demolition of the Adjacent Property. In October 2023, Plaintiff allegedly observed a crack in the wall of the Subject Property and reported it to L&I. Upon inspection, L&I concluded that the Subject Property was an "Imminently Dangerous Structure." In an October 12, 2023 letter, Domus allegedly admitted responsibility for the damage to the Subject Property and agreed to repair it. After back-and-forth communication between Domus and Plaintiff, Domus allegedly rescinded its offer to repair the property, and instead offered to demolish it. On December 11, 2023, the City informed Plaintiff that the Subject Property needed to be demolished immediately. From December 13 through 15, 2023, the City demolished the building on the Subject Property. In the Complaint, Plaintiff sued Domus, the City, and other defendants under various theories, which largely fell into the buckets of substantive due process, procedural due process, and § 1983 claims.

In their answers to Plaintiff's complaint, Defendants Domus, American Sitework, LLC, and USA Environmental Management, Inc., purported to make a cross-claim against the City. Each of these ostensible cross-claims consisted of one or two paragraphs, which each essentially boiled down to: if I am found liable, you (the City) are actually the one who is liable and you owe contribution. There are no allegations in any of the pleadings that the City caused the damage to the Subject Property or wrongfully caused the Subject Property's demolition. The City's alleged

involvement is consistently limited to approving Domus's permit to demolish the Adjacent Property, reviewing the damage caused by the Adjacent Property's demolition and ordering the Subject Property's demolition due to imminent safety concerns.

While the case percolated, the parties discussed a partial resolution which would result in the City's dismissal from the case. All parties besides Domus agreed to dismiss the City with prejudice. (See: Dkt. #30). Domus would only agree to dismissal of the City without prejudice. (See: Dkt. #31). Thereafter, the City filed the instant Motion, seeking dismissal with prejudice. Plaintiff, Co-Defendant American Sitework, and Co-Defendant USA Environmental did not respond to the Motion. Domus filed an opposition brief (the "Opposition," Dkt. #37). The deadline to oppose the Motion has passed.

### III.    Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), this Court must dismiss a complaint if its fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (internal quotation marks and citation omitted). The Court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). A formulaic recitation of the elements of a claim will not suffice. *Id.* Rather, a pleader is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (internal quotation marks and citation omitted). Conclusory statements and unfounded speculation are insufficient to state a claim. *Parker v. Pennstar Bank, NBT,* 436 F. App'x 124,

127 (3d Cir. 2011).

Pursuant to Local Rule of Civil Procedure 7.1(c), "[i]n the absence of a timely response, the motion may be granted as uncontested. . . ." Local.R.Civ.P. 7.1(c). "Briefs in opposition must contain '[f]ully developed legal argument, citation to legal authority, and discussion of the relevant facts....'" *Souffrant v. Hyrowich*, No. 07-CV-4475, 2009 WL 10737142, at *2, n.3 (E.D. Pa. June 18, 2009) (alterations in original, quoting *Copenhaver v. Borough of Bernville*, No. CIV.A. 02-8398, 2003 WL 26616224, at *2, n.1 (E.D. Pa. Jan. 10, 2003). *See also*: *Saxton v. Cent. Pennsylvania Teamsters Pension Fund*, No. CIV.A. 02-CV-986, 2003 WL 22952101, at *24 (E.D. Pa. Dec. 9, 2003) (granting portion of motion to dismiss as unopposed where opposition brief failed to adequately respond to it); *Toth v. Bristol Township*, 215 F.Supp.2d 595, 598 (E.D.Pa. 2002) (same); *Smith v. Nat'l Flood Ins. Program*, 156 F.Supp.2d 520, 522 (E.D.Pa. 2001) ("[B]ecause plaintiffs failed to address defendants' motion to dismiss with respect to defendants' argument that costs, interest, and attorneys' fees are not recoverable under the National Flood Insurance Act, the court will grant this aspect of the defendants' motion to dismiss as unopposed").

## IV.    Analysis

As an initial matter, Plaintiff and co-defendants American Sitework, LLC and USA Environmental Management, Inc. all failed to (or chose not to) respond to the City's Motion. Therefore, the motion to dismiss with prejudice as to these parties in plainly unopposed. For that reason, pursuant to Local Rule 7.1(c), the Motion is granted, and the claims and cross-claims brought by the Plaintiff and these co-defendants against the City are dismissed with prejudice.

Defendant, Domus did respond to the Motion. As to Domus's cross-claim, the City argues that the assertions against it are "nothing more than general assertions with no factual or legal

basis." (Dkt. #35 at 11). The City further notes that "[t]here are no facts alleged that establish any duty or obligation owed by the City to Co-Defendants." (*Id.* at 12). Finally, the City argues that "there is no legal basis alleged for the claim in addition to there being no facts that demonstrate that the City is jointly and/or severally liable[]" and that the cross-claims "fail to allege any facts with specificity." (*Id.*). This Court agrees in full with the City's description of Domus's counterclaim against it.

Domus responded to the instant Motion to Dismiss with an Opposition that is almost as sparse as its cross-claim. Domus cites to two cases that it contends stands for the proposition that dispositive motions are routinely denied as premature because discovery has not yet concluded. (Dkt. #37 at 2-3). One case it cites is a *summary judgment* case, which is plainly inapplicable when analyzing dismissal under Rule 12. (Dkt. #37 at 3 (*citing Van Leiw Trust Co.*, and noting the court dismissed "plaintiff's motion for *summary judgment*) (emphasis added)). Rule 12 specifically contemplates dismissal of a case at its infancy, before discovery begins. Were Domus correct, there would be no purpose for a Rule 12 motion at all. In the other case cited for this proposition, the Plaintiff pointed to specific factual allegations and exhibits in the Complaint which justified discovery, rather than merely claiming that dismissal under Rule 12 was premature because it was too early in the case.  Domus was unable to make such an argument here.

Domus does absolutely nothing by way of argument defending the facts (or lack thereof) in its cross-claim nor does it cite any cases that are applicable to the issue before this Court. Domus, for some reason, cited to a case decided based upon the Delaware Chancery Court Rules, which, of course, is inapplicable.[2] Domus cite three cases for the proposition that the Court has discretion to grant a motion to dismiss without prejudice. Domus makes no effort to compare the facts of the

---

[2]    There is no dearth of federal cases and cases within this District which stand for this same proposition.

cases it cites to the case at bar.  Domus inappropriately argues facts that are not at all mentioned in its cross-claim.  Additionally, it does not cite to a single case which suggests that cross-claims are not subject to the general rule that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Domus's citations to legal authority are inapplicable or entirely unpersuasive. Finally, there is zero analysis of the facts as alleged in Domus's counter-claim (because there are no facts in Domus's counterclaim.  The Opposition entirely disregards the City's arguments and cites to (at times inapplicable) hornbook law on motions to dismiss. If Domus wanted to respond to the City's motion, it needed to make substantive arguments against the City's arguments. It has failed to do so. Therefore, this Court deems the City's motion unopposed as to Domus.

Even if this Court were to consider the Opposition as meritorious rather than non-responsive/unopposed, this Court would still determine dismissal with prejudice was proper. Dismissal with prejudice is proper where permission to amend would be futile. Domus's cross-claim is blatantly insufficient.  It already had the opportunity to amend its cross-claim and elected not to do so. While opposing a motion to dismiss rather than amending is not typically viewed by this Court as a sign that amendment would be futile, where the basis for dismissal in the motion is obviously correct and the Opposition is so sparse in argument, this Court has no choice but to conclude that amendment would not be productive. Faced with a motion to dismiss to which there was even a barely-meritorious response, this Court could infer an ability to successfully amend from the filing of an opposition.  But where, as here, a represented cross-claimant is put on notice of a blatantly-insufficient pleading, the filing of a meager opposition as

opposed to amended pleading weighs in favor of dismissal with prejudice.[3]

Based on the foregoing, the motion is granted, and the City is dismissed with prejudice. An appropriate order will follow.

DATED: April 16, 2025                    BY THE COURT:

_____
GAIL WEILHEIMER          J.

---

[3]      The meager facts raised in the Opposition- which, again, this Court could not consider with respect to dismissal as they were not in the counter-claim- do nothing to change this Court's view as to amendment. Domus's conclusory gestures towards vague theories of liability based on permitting or inspection do not justify permitting amendment.